# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: CLARK RIDGE, LLC ) | |
| ) | Chapter 11 Proceeding |
| Debtor. ) | |
| ) | Case No. 10-04868 |
| ) | |
| ) | Hon. Eugene Wedoff |
| ) | |

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

This matter came to be heard upon the motion (the "Motion") of Clark Ridge, LLC, debtor and debtor in possession in this chapter 11 proceeding (the "Debtor"), for entry of an Order authorizing the Debtor to use cash collateral to satisfy payroll and other ongoing business expense obligations and setting a final hearing on the Motion. It appearing that this Court has jurisdiction and this matter is a core proceeding pursuant to 28 U.S.C. §§157 (b)(2)(A) and 1334, that venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409, adequate notice of the Motion having been given, and that it is in the best interests of the Debtor and its creditors to grant the relief requested in the Motion, as modified by the amended budget attached to this Order, including providing adequate protection to PNC Bank, N.A. (the "Bank") as set forth below. Therefore, it is hereby ORDERED:

1. The Debtor is authorized to use the Bank's Cash Collateral to pay only the expenses set forth on the amended budget attached hereto (the "Budget"), and for no other purpose, for an interim period through the date of the final hearing on the Motion, or such shorter period, as set forth below. The Debtor is not authorized to use Cash Collateral to make any payment to any insider of the Debtor, as defined in Section 101 (31) of the Bankruptcy Code.

2. The Debtor's use of Cash Collateral is subject to compliance with the terms and conditions of this Order and may not be extended other than with the express written consent of the Bank or order of this Court.

3. The objection filed by the Bank to the Motion has been withdrawn for purposes of this interim Order, but the Bank preserves its objections to the use of Cash Collateral beyond the period covered by this Order.

4. As Adequate Protection, the Debtor shall continue operating the Property and use the Cash Collateral to pay operating expenses of the Property, as more specifically described in the Budget. As further Adequate Protection for the use of the Cash Collateral, the Debtor grants the Bank replacement liens upon its post-petition rents, accounts receivable and all other assets acquired after the commencement of this case to the same extent and validity of the Bank's pre-petition liens, but such liens do not extend to any causes of action arising under Sections 547, 548 or 549 of the Bankruptcy Code. The replacement liens granted to the Bank are perfected without the need for the Bank to file financing statements or make any other public filing or recording.

5. Notwithstanding anything to the contrary contained herein, the Debtor's right to use Cash Collateral shall expire on the earliest to occur of: (a) March 23, 2010; (b) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Order; (c) the conversion of the Debtor's bankruptcy case to a chapter 7 proceeding; (d) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor; and (e) the entry of an order dismissing or abstaining from this chapter 11 proceeding or lifting the stay in

favor of the Bank. On and after the earliest of these events to occur, the Debtor shall immediately cease using any of the Cash Collateral.

6. On or before the tenth business day following the final day of every month for the period contained in the Budget, the Debtor shall deliver to the Bank the following information: (a) a current rent roll that lists each tenant by name and unit number as well as the rent owed and rent received for each tenant for each monthly period, (b) a summary of receipts and disbursements, (c) its check register plus a copy of the Debtor's bank account statements, including copies of checks and other detailed transactions, (d) a copy of a monthly operating statement, (e) a budget to actual comparison for receipts and disbursements, and (f) evidence of payments of real estate taxes and monthly deposit of amounts into the real estate tax escrow account.

7. The Debtor shall provide a proposed budget to the Bank by March 21, 2010 for the period it intends to use cash collateral beyond the expiration of the period covered by this Order.

8. A final hearing on the Motion and the Debtor's further use of Cash Collateral shall be held on March, 23, 2010 at 10:00 am.

Dated: 3/4/10

BY THE COURT

_____
U. S. Bankruptcy Judge

| PROPOSED BUDGET | | | | |
|---|---|---|---|---|
| WEEK END DATE | | 03-Mar-10 | 10-Mar-10 | 17-Mar-10 |
| BEGINNING CASH BALANCE | | $68,326.87 | $38,125.15 | $38,125.15 |
| RECEIPTS | | $41,520 (Estimated from March 2010 Rent) | | |
| DISBURSEMENTS | | | | |
| Salaries | | $3,260 | n/a | n/a |
| Property Taxes | | $53,027.71 ($22,896.50 - 2nd Installment of 2008 + $30,131.21 - 1st Installment of 2009) | n/a | n/a |
| Insurance | | $2,093.83 | n/a | n/a |
| Utilities | | $12,090.18 | n/a | n/a |
| Dept of Water | $ | 113.65 | | |
| Dept of Water | $ | 3,620.58 | | |
| Peoples Gas - | $ | 6,219.65 | | |
| Veiola | $ | 2,136.30 | | |
| Maintenance & Repairs | | $1,250.00 | n/a | n/a |
| TOTAL OPERATING DISBURSEMENTS | | $71,721.72 | 0 | 0 |
| ENDING CASH | | $38,125.15 | $38,125.15 | $38,125.15 |